UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EUGENE WINFREY,

                    Plaintiff,

          -against-

SPOTIFY USA, INC. & SPOTIFY

                    Defendants.

25-CV-10548 (VSB)

ORDER OF SERVICE

VERNON S. BRODERICK, United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action asserting a claim of copyright

infringement pursuant to 17 U.S.C. § 101, *et seq.*  By order dated December 23, 2025, the Court

granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of

fees.

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the

Court and the U.S. Marshals Service to effect service.[1]  *Walker v. Schult*, 717 F.3d. 119, 123 n.6

(2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all

process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to

serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on Defendant through the U.S. Marshals Service, the

Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form

("USM-285 form") for Defendant Spotify USA, Inc.  The Clerk of Court is further instructed to

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a
summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP
and could not have served the summons and the complaint until the Court reviewed the
complaint and ordered that the summons be issued.  The Court therefore extends the time to
serve until 90 days after the date the summons is issued.

issue a summons and deliver to the U.S. Marshals Service all the paperwork necessary for the U.S. Marshals Service to effect service upon Defendant.

As for Defendant Spotify, located in Sweden, any documents served on a party in Sweden must be translated into Swedish.  The costs and logistics of that translation will be the responsibility of the plaintiff.

If the complaint is not served within 90 days after the date the summons is issued, Plaintiff should request an extension of time for service.  *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**CONCLUSION**

The Clerk of Court is instructed to issue a summons for Defendant Spotify USA, Inc., complete the USM-285 form with the address for Defendant, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Clerk of Court is further directed to mail a copy of this order to Plaintiff, together with an information package.

Plaintiff may receive court documents by email by completing a Consent to Electronic Service form.[2]

---

[2] If Plaintiff consents to receive documents by email, Plaintiff will no longer receive court documents by regular mail.

3

SO ORDERED. Dated:

March 27, 2026
        New York, New York

_____
VERNON S. BRODERICK
United States District Judge

**SERVICE ADDRESS FOR DEFENDANT SPOTIFY USA, INC.**

Spotify USA, Inc.
4 World Trade Center
New York, N.Y. 10007